TEICH GROH
By: Brian W. Hofmeister, Esq. (1615)
691 State Highway 33
Trenton, New Jersey  08619
(609) 890-1500
Attorneys for Barry W. Frost, Chapter 11 Trustee

|  |  |
|---|---|
| NATIONAL DIE & BUTTON MOULD CO., INC., | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY |
| Debtor. | : CHAPTER 11<br>: CASE NO. 09-24786 (NLW) |
| BARRY W. FROST, Chapter 7 Trustee for the Debtor Estate of NATIONAL DIE & BUTTON MOULD CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>SUFFERN PLATING,<br><br>Defendant. | : ADV. PRO. NO. 10- |

## COMPLAINT TO AVOID AND RECOVER
## PRE-PETITION PREFERENTIAL TRANSFERS

Barry W. Frost, Chapter 11 Trustee ("Trustee") for the estate of the above captioned Debtor, National Die & Button Mould Co., Inc. ("Debtor"), by and through his counsel, Teich Groh, by way of Complaint to avoid and recover preferential transfers pursuant to §547 and §550 of the United States Bankruptcy Code against Defendant, Suffern Plating ("Defendant") and, in support thereof, respectfully represents as follows:

### BACKGROUND

1. The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the

United States Code on June 8, 2009 ("Petition Date").

2.	Plaintiff, Barry W. Frost, Esq. was appointed as Chapter 11 Trustee for the Debtor on or about September 16, 2009.

3.	The Defendant sold to the Debtor certain goods and/or services more particularly described herein, at various times prior to the Petition Date.

4.	The Defendant is a business entity having a last known address at 210 Garibaldi Ave., Lodi, New Jersey 07644.

## JURISDICTION

5.	This adversary proceeding arises in Case Number 09-24786 (NLW) now pending before the United States Bankruptcy Court for the District of New Jersey (the "Court").

6.	The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(b) and other applicable provisions of federal law.

7.	This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b).

8.	Venue of this adversary proceeding in this district is proper under 28 U.S.C. §1409.

## COUNT ONE
(Avoidance and Recovery of Preferential Transfers)

9.	Plaintiff repeats each and every allegation of the foregoing paragraphs of this Complaint as if the same were set forth herein at length.

10.	The Defendant was a creditor of the Debtor at all relevant times.

11.	Within the ninety (90) day period prior to the Petition Date, the Debtor issued credits, returns of inventory and wire transfers and paid certain checks (collectively the "Transfers") to the Defendant in payment for certain of Defendant's invoices.

12.	During the ninety (90) day period prior to the Petition Date, the Defendant received

a total of $37,986.52 and such other transfers that may be unknown to the Trustee, which payments constituted transfers of Debtor's property.

13. The Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

14. The Debtor was insolvent at the time the Transfers were made.

15. The Transfers enabled the Defendant to receive more than it would have received in a Chapter 7 case had the Transfers not been made.

16. The Transfers are avoidable preferential transfers within the meanings of 11 U.S.C. §547(b).

17. The Trustee is entitled to recover the total amount of the Transfers from the Defendant, as the initial transferee pursuant to 11 U.S.C. §550.

WHEREFORE, the Trustee seeks judgment against the Defendant for the avoidance and recovery of the preferential transfers described above pursuant to 11 U.S.C. §§547 and 550, for entry of a judgment directing the Defendant to immediately pay to the Trustee the sums owed, for interest and costs of suit, and for such further relief as the Court may allow.

### COUNT TWO
(Return of Payment)

18. Plaintiff repeats each and every allegation of the foregoing paragraphs of this Complaint as if the same were set forth herein at length.

19. The aforementioned Transfer is a preferential transfer under 11 U.S.C. §547(b), and as such this Court should enter an Order declaring the Transfer to be avoidable.

20. Pursuant to 11 U.S.C. §550, this Court should enter an Order directing Defendant to immediately pay the Trustee the sum of $37,986.52, the equivalent of the preferential transfer.

WHEREFORE, the Trustee seeks judgment against the Defendant for the avoidance and

recovery of the preferential transfers described above pursuant to 11 U.S.C. §§547 and 550, for entry of a judgment directing the Defendant to immediately pay to the Trustee the sums owed, for interest and costs of suit, and for such further relief as the Court may allow.

                TEICH GROH
                Counsel for Barry W. Frost, Chapter 11 Trustee


By:    */s/Brian W. Hofmeister*
       Brian W. Hofmeister

Dated: August 19, 2010